UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE KENNETH P. CAPPUCCILLI AND
SUZANNE E. CAPPUCCILLI,

Case No. 10-11690

Debtors/Appellants

Honorable Nancy G. Edmunds

/

**ORDER DENYING DEBTORS/APPELLANTS' MOTION FOR LEAVE TO APPEAL
AND DENYING AS MOOT DEBTORS/APPELLANTS' MOTION FOR STAY PENDING
APPEAL** [1]

This matter is before the Court on Debtors/Appellants' motions for leave to appeal and for a stay pending appeal from the Bankruptcy Court's April 12, 2010 Order approving the Trustee's statement of costs in connection with a February 18, 2010 Order granting the Chapter 7 Trustee's motion seeking to hold Debtors and their counsel in contempt of Court. This Court finds that the decision process would not be aided by oral argument and, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), will decide Debtors/Appellants' motions without oral argument.

"Under 28 U.S.C. § 158(a)(3), district courts have jurisdiction to hear bankruptcy appeals 'with leave of the court, from interlocutory orders and decrees.'" *Morrison v. Carmona (In re Conrad Carmona)*, Nos. 09-11739-BC and 09-11815-BC, 2009 WL 2058587, *1 (E.D. Mich. July 14, 2009) (quoting 28 U.S.C. § 158(a)(3)). Because the "statutory scheme does not explicitly articulate a standard for determining whether leave should be granted" and because § 158(c)(2) provides that "an appeal 'shall be taken in the same manner as appeals in civil proceedings,'" the "courts have looked to 28 U.S.C. § 1292(b)" for guidance. *Id.* (quoting 28 U.S.C. § 158(c)(2)). *See also Boyce v. Zeilinger (In*

*re Boyce)*, No. 07-CV-14511-DT, 2008 WL 4186264, *1 (E.D. Mich. Sept. 8, 2008) (same).

28 U.S.C. § 1292(b) provides that an appeal from an interlocutory order may be permitted when (1) the "order involves a controlling question of law;" (2) there is "substantial ground for difference of opinion" as to that question of law; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." Debtors/Appellants' motion fails to address these factors. This Court's review of the Bankruptcy Court's April 12, 2010 Order leads it to conclude that the challenged Order does not involve a controlling question of law as to which there is substantial ground for a difference of opinion or that an immediate appeal would materially advance the ultimate termination of the underlying Bankruptcy litigation. Accordingly, Debtors/Appellants' motion for leave to appeal is DENIED. Because this motion is denied, Debtors/Appellants' motion for a stay pending appeal is DENIED AS MOOT.

SO ORDERED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: April 29, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 29, 2010, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager