UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH P. CAPPUCCILLI, ET AL,

     Appellants,

v.

WENDY TURNER LEWIS, CHAPTER 7
TRUSTEE,

     Appellee.
                                         /

Case No. 10-11690

Honorable Nancy G. Edmunds

**ORDER DENYING APPELLEE'S MOTION TO DISMISS APPEAL [8]**

     This matter comes before the Court on Wendy Turner Lewis ("Trustee")'s motion to dismiss an appeal from an April 12, 2010 order of the Bankruptcy Court. Trustee argues that the appeal should be dismissed in its entirety due to the failure of Kenneth and Suzanne Cappuccilli ("Debtors") to timely file a designation of the items to be included on the record on appeal and a statement of issues to be presented, as required by Fed. R. Bankr. P. 8006. Trustee further argues that three of the six issues on appeal should be dismissed because they do not relate to the Bankruptcy Court order appealed from. The Court finds that the facts and legal arguments are adequately presented in the motion and briefs and that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion shall be resolved as submitted. For the reasons discussed below, this Court DENIES the motion to dismiss.

**I.  Facts**

On February 18, 2010, the Bankruptcy Court issued an order finding Debtors Suzanne E. Cappuccilli, Kenneth P. Cappuccilli, Brandon Cappuccilli and their counsel Heidi A. Tanner, Craig S. Romanzi and Craig S. Romanzi, P.C. in contempt of court for violating the Barton Doctrine and the automatic stay. The Bankruptcy Court entered a further order, "Order Approving Trustee's Statement of Costs in Connection with February 18, 2010 Order," on April 12, 2010.

Debtors filed a notice of appeal on April 25, and the Bankruptcy Court transmitted the case to this Court. On April 30, the Clerk of the Bankruptcy Court issued a Notice of Requirement to File Designation. (Trustee's Ex. A). Debtors filed the designation on May 14, 2010, and Trustee filed this motion shortly thereafter. Debtors oppose the motion and request that the Court impose sanctions on Trustee pursuant to Fed. R. Civ. P. 11.

**II.  Standard of Review**

The district court has jurisdiction over appeals from final orders of the bankruptcy court in core proceedings. 28 U.S.C. §§ 157(b)(1) and 158(a)(1). A bankruptcy court's findings of fact are reviewed under a clearly erroneous standard, while its conclusions of law are reviewed de novo. *In re Dow Corning Corp.*, 255 B.R. 445, 463-64 (E.D. Mich. 2000).

**III.  Analysis**

**A.  Debtors' Failure to Timely File Designation**

Under Fed. R. Bankr. P. 8006, within 14 days of filing the notice of appeal, "the appellant must file with the Bankruptcy Court and serve on the appellee a designation of the items to be included on the record on appeal and a statement of issues to be

presented." The appeal here was filed April 25, 2010, which under Rule 8006 gave Debtors until May 10 to file the designation and statement of issues. Debtors, however, claim that they had 14 days from the April 30 "Notice of Requirement to File Designation." Under this view, their filing of May 14, 2010 was timely.

The Notice of Electronic Filing of Debtors' Notice of Appeal (Trustee's Ex. A) stated that the "Appellant Designation" was due by May 10, 2010. The subsequent Notice of Requirement to File Designation issued to Debtors by the Clerk of the Court (Trustee's Ex. B) reiterated that Debtors must file their designation and statement of issues within 14 days of filing a notice of appeal, and not, as Debtors claim, 14 days from receiving the Notice of Requirement to File Designation. Moreover, the plain language of Rule 8006 dictates that the designation and statement of issues must be filed within 14 days of the notice of appeal.

Debtors point to language in the Notice of Requirement to File Designation which states that "any party designating items to be included in the record must provide copies of all the items to the Clerk of the Bankruptcy Court within 14 days *from the time of this notice.*" (Trustee's Ex. B) (emphasis added.) This only applies to copies, however, and does not affect the Debtors' Rule 8006 duty to file the designation and statement of issues. The same paragraph of the Notice cites Rule 8006 and dictates that "within 14 days after the filing of the notice of appeal . . . the appellant shall file . . . a designation of the items to be included in the record on appeal and a statement of issues to be presented." (*Id.*) Debtors' claim that the Notice only required them to file by May 14 is incorrect, and their filing was untimely.

3

This is not, however, an automatic basis for dismissal. Under Fed. R. Bankr. P 8001(a), "an appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal."

The Sixth Circuit has stated that "a district court may in particular exercise its discretion to dismiss an appeal for a violation of Rule 8006 where there is a showing of bad faith, negligence, or indifference." *In re Kloian,* 137 F. App'x 780, 783 (6th Cir. 2005). The court specifically addressed the issue of an untimely designation in *In re Winner Corp.,* 632 F.2d 658 (6th Cir. 1980): "[The] power to dismiss . . . should not be exercised generally unless the omission arose from negligence or indifference of appellant." *Id.* at 661 (quoting *Drybough v. Ware,* 111 F.2d 548, 550 (6th Cir. 1940)). Finding no evidence of bad faith on the part of the appellant, the *Winner Corp.* court reversed the district court's dismissal of the appeal. *Id. See also Island Creek Coal Co. v. Local Union No. 1827 of United Mine Workers of America,* 568 F.2d 7, 8 (6th Cir. 1977) (holding that dismissal was not warranted on the ground that appellant's designation of the record on appeal was incomplete where appellees were neither misled nor prejudiced by appellant's error, and there was no evidence that appellant's omission was made in bad faith).

Because our judicial system reflects "a strong presumption in favor of adjudication on the merits," *In re Nelson,* No. 05-60062, 2005 WL 2033537, at *2 (E.D. Mich. Aug. 22, 2005) (quoting *English-Speaking Union v. Johnson*, 353 F.3d 1013, 1021 (D.C. Cir. 2004)), this appeal should not be dismissed on the basis of an untimely designation. As in *Island Creek,* there is no evidence here that Debtors' late filing was made in bad faith. Neither is

4

there a clear showing of negligence or indifference. Debtors assert that they contacted the Bankruptcy Court for scheduling clarification and believed that the materials were due on May 14. Based on the language of the Notice of Requirement to File Designation, this belief was not wholly unreasonable. Ultimately, Debtors submitted the designation and statement of issues only four days after the May 10 deadline. This falls short of the type of negligence that typically justifies dismissal. In *In re Bock Laundry Mach. Co.*, 63 B.R. 221 (N.D. Ohio 1986), for example, the court dismissed an appeal because the appellant failed to take any action whatsoever after filing a notice of appeal. *See also Nelson,* 2005 WL 2033537, at *2 (holding that dismissal was proper where appellant filed his brief over a month after the due date, despite receiving notice of possible dismissal and an opportunity to explain his failure to comply). When compared with cases like these, it is evident that dismissal is not warranted here, where Debtors' designation was only four days late due to a good faith mistake.

**B. Debtors' Inclusion of Issues Outside the Scope of the April 12 Order**

In addition to seeking dismissal of the appeal in its entirety, Trustee has moved for dismissal of three out of the six issues raised by Debtors. These three issues relate to the initial contempt order of February 18, rather than the subsequent April order, which assessed the costs associated with the finding of contempt. Trustee argues that the April order does not encompass the February order, and so review of these issues is improper because Debtors failed to appeal the February order directly and within the 14 days prescribed by Fed. R. Bankr. P. 8002. Debtors oppose dismissal of these three issues, claiming that the two orders are "intrinsically bound," and so appeal of the April order necessarily implicates the underlying February order.

5

Under Fed. R. Bankr. P. 8001, "an appeal from a judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel as permitted by 28 U.S.C. § 158(a)(1) or (a)(2) shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002." Rule 8002 in turn provides that a notice of appeal must be filed within 14 days of the judgment, order, or decree appealed from. If a timely notice of appeal is not filed, no appeal may be taken later. Fed. R. Bankr. P. 8002 advisory committee's note.

District courts have jurisdiction to hear appeals only from "final judgments, orders, and decrees" of the bankruptcy court. 28 U.S.C. § 158(a). To determine if an order is final, and therefore appealable, courts look to whether "an order in a bankruptcy case finally disposes of discrete disputes within the larger case." *In re Dow Corning Corp*, 86 F.3d 482, 488 (6th Cir. 1996) (internal quotation marks and citation omitted). "The mere fact that a dispute is 'separable' does not automatically make it a final appealable order. The order sought to be appealed must constitute final determination of the rights of the parties to secure the relief they seek in [the] suit," *In re Vause*, 886 F.2d 794, 797 (6th Cir. 1989) (internal quotation marks and citation omitted), leaving nothing for the court to do but execute the judgment. *In re Wicheff*, 215 B.R. 839, 840 (B.A.P. 6th Cir.1998).

Under these standards, a contempt order does not become final until sanctions are imposed. *Wicheff,* 215 B.R. at 843. This is so because hearing an appeal on a contempt order without being able to address the contemnor's probable challenge to the appropriateness of any sanction levied "will result in a waste of judicial resources through needlessly duplicative proceedings." *Id* at 844. In *Matter of Morrell,* 880 F.2d 855, 856-57 (5th Cir. 1989), the Fifth Circuit discussed the Supreme Court's treatment of 28 U.S.C. §

1291, which governs appeals of civil litigation: "The Supreme Court has stated that 'where assessment of damages or awarding of other relief remains to be resolved [judgments] have never been considered to be 'final' within the meaning of 28 U.S.C. § 1291." *Id* at 856 (quoting *Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976)). Reasoning that "[d]eterminations of liability without an assessment of damages are as likely to cause duplicative litigation in bankruptcy as they are in civil litigation," and thus waste judicial resources, the *Morrell* court concluded that "[t]he rule for appeals from bankruptcy decisions determining liability but not damages under 28 U.S.C. § 158(d) must therefore be the same as the rule under § 1291." *Morrell,* 880 F.2d at 856-57.

Applying these principles here, the February 18 order of contempt did not become final until the order of April 12 approving the statement of costs. The February order did not "finally dispose of a discrete dispute within the larger case," because the issue of costs had yet to be ruled on. The order therefore fails the test for finality under *Dow Corning, supra,* and was not appealable.

This appeal, on the other hand, addresses a final order which imposed sanctions on the Debtors in connection with the finding of contempt. The notice of appeal was timely, and Debtors may properly seek review of the underlying February 18 order. *See In re Walter,* No. 92-7393, 1993 WL 216768, *2 (N.D. Ohio Feb.11, 1993) (holding that appeal filed June 19, 1992 was timely, even though the only issue on appeal related to an order of April 14, 1992, because the April 14 order "did not resolve all of the Trustee's objections to the IRS's claim . . . the amount of appellant's claim that would be allowed was not determined in the April 14, 1992 order . . . a final determination of the status of the claim was not made until the June 10, 1992 order."). Debtors could not have appealed the

7

February 18 order as a "final order," and are properly seeking review within 14 days of the final order of April 12. This court therefore has jurisdiction over Issues #1, 2 and 4.

### C. Debtors' Request for Sanctions

Debtors, arguing that Trustee's motion is without merit and constitutes "a continued exercise of bad faith," request that the Court assess sanctions in accordance with Fed. R. Civ. P. 11. The test for imposing Rule 11 sanctions is "whether the attorney's conduct was reasonable under the circumstances." *Ridder v. City of Springfield,* 109 F.3d 288, 293 (6th Cir. 1997). Trustee's actions here were not unreasonable. Despite Debtors' claim that the "incontrovertible timeline created by the record . . . supports the timely filing of all required documents," the record in fact indicates that Debtors' designation and statement of issues were not filed on time. Given that untimely filing has been a basis for dismissal in the past, even if not here, Trustee's motion for dismissal was reasonable under the circumstances and does not support an award of sanctions.

## IV. Conclusion

Because there is no indication of neglect, indifference, or bad faith on Debtors' part, their untimely filing of the designation of record and statement of issues on appeal is not a basis for dismissal. Furthermore, each issue set forth by Debtors is properly on appeal

8

here. For these reasons, this Court DENIES Trustee's motion to dismiss Debtors' appeal.


        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: July 21, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 21, 2010, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager