UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kenneth P. Cappuccilli et al.,

    Appellants,

v.

Wendy Turner Lewis,
the Chapter 7 Trustee,

    Appellee.

                                     /

Case No. 10-11690

Honorable Nancy G. Edmunds

**OPINION AND ORDER AFFIRMING THE BANKRUPTCY COURT'S APRIL 12, 2010 ORDER FINDING APPELLANTS IN CONTEMPT OF COURT FOR VIOLATING THE AUTOMATIC STAY AND THE BARTON DOCTRINE AND AWARDING ATTORNEYS' FEES AND COSTS**

    This is an appeal from an April 12, 2010 Bankruptcy Court order in a Chapter 7 bankruptcy proceeding brought by bankruptcy debtors Kenneth P. Cappuccilli and Suzanne E. Cappuccilli ("Debtors" or the "Cappuccillis") and their son, Brandon Cappuccilli (collectively, "Appellants") against their bankruptcy court proceedings counsel and their Chapter 7 bankruptcy trustee's counsel. The Bankruptcy Court's April 12, 2010 order confirmed a February 18, 2010 order finding Appellants in contempt of court for violating the automatic stay and the Barton Doctrine when they filed a complaint in state court against their former bankruptcy counsel and Chapter 7 bankruptcy trustee's counsel for bankruptcy proceedings malpractice and emotional distress. The April 12, 2010 order also approved the chapter 7 trustee's attorneys' fees and costs statement awarded in February.

    Although Appellants ask the Court to answer six questions on appeal, these questions present three issues for the Court to resolve. The first issue requires the Court to

determine whether the Bankruptcy Court erred when it found that Appellants violated the automatic stay and Barton Doctrine. The second issue requires the Court to determine whether the Bankruptcy Court erred when it enforced the automatic stay against the Cappuccillis's son, who was not a party to the bankruptcy proceedings. The third issue requires the Court to determine whether the Bankruptcy Court erred in awarding what it deemed to be reasonable attorneys' fees.

Because pre-petition malpractice and emotional distress claims against attorney conduct in a bankruptcy's proceedings are property of the bankruptcy estate, requiring parties to bring such claims in the bankruptcy court, the Court concludes that the Bankruptcy Court did not err in finding Appellants in contempt of court and enforcing the stay against all the parties when they filed a claim against their former attorneys in state court. Also, because the Barton Doctrine requires a party wishing to sue its trustee or trustee's counsel for bankruptcy-related conduct to seek leave of the bankruptcy court to do so, the Bankruptcy Court did not err when it found Appellants violated the Barton Doctrine. Since a party's willful violation of the automatic stay and Barton Doctrine provides for an award of attorneys' fees and costs and the Bankruptcy Court awarded reasonable attorneys' fees, the Bankruptcy Court did not err in awarding such fees. The Court therefore AFFIRMS the Bankruptcy Court's April 12, 2010 order and DISMISSES Appellants's appeal.

**I.  Jurisdiction**

Appellate jurisdiction is conferred on this Court by 11 U.S.C. § 158(a)(1) which states, "[t]he district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees; . . . of bankruptcy judges entered in cases and

2

proceedings referred to bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving."

## II. Appellate Standard of Review

This Court reviews the Bankruptcy Court's findings of fact for clear error and its conclusions of law de novo. *In re Baker & Getty Fin. Servs., Inc.*, 106 F.3d 1255, 1259 (6th Cir. 1997).

### A. Contempt Standard of Review

The first issue is whether the Bankruptcy Court properly found Appellants in contempt of court for violating the automatic stay and the Barton Doctrine. "A decision on a contempt petition is within the sound discretion of the [bankruptcy] court and thus is reviewed only for an abuse of discretion." *In re Parker*, No. 06-8053, 368 B.R. 86, 2007 WL 1376081, at *1 (B.A.P. 6th Cir. May 10, 2007) (citation omitted, alteration in original). A reviewing court will set aside the bankruptcy court's decision only if the bankruptcy court "relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard." *Id.* (Citations omitted.) "An abuse of discretion is defined as a definite and firm conviction that the [bankruptcy court] committed a clear error of judgment." *Id.* (Internal quotation marks and citation omitted, alteration in original.) "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *Id.* (Citation omitted.)

Connected to this issue is whether the Bankruptcy Court had jurisdiction over the malpractice and negligent infliction of emotional distress claims against the trustee's

3

counsel. "Jurisdictional determinations are reviewed de novo." *In re Singleton*, 230 B.R. 533, 535 (B.A.P. 6th Cir. 1999). "[De novo] means that the appellate court determines the law independently of the trial court's determination." *In re Meyers,* 216 B.R. 402 (B.A.P. 6th Cir. 1998) (internal quotation marks and citation omitted). "[D]eterminations as to whether property forms a part of a bankruptcy estate are conclusions of law and reviewed de novo." *In re Parker*, 2007 WL 1376081, at *2 (citing *In re Johnston*, 209 F.3d 611 (6th Cir. 2000).

### B. Non-Debtor Jurisdiction Standard of Review

The second issue, whether the Bankruptcy Court properly enforced the stay over the Cappuccilli's son, is also a jurisdictional issue, reviewed de novo.

### C. Attorneys' Fees Award Standard of Review

A district court reviews a bankruptcy court's fee award for an abuse of discretion. *Boyd v. Engman*, 404 B.R. 467, 477 (W.D. Mich. 2009) citing *In re Red Ball, Inc.*, Nos. 04-5528, 04-5575, 157 F. A'ppx. 850, 851; 2005 WL 3275589, at *1 (6th Cir. Dec. 5, 2005). "A district court must uphold the bankruptcy court's award unless the bankruptcy court fails to apply the proper legal standard or follow the proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous." *Id*. (Internal quotation marks and citation omitted.)

## III. Facts

### A. Background Facts

In November, 2007, Debtors filed a voluntary Chapter 13 bankruptcy petition. (Bankr. Docket Text #1.) A. Rita Kostopoulos and Kostopoulos & Associates PLLC were their

4

counsel throughout the bankruptcy proceedings.  (*Id.*)   In February, 2008, Debtors converted the petition to a Chapter 7 petition.  (Bankr. Docket Text #28.)  Also in February, 2008, Wendy Turner Lewis ("Trustee Lewis") was appointed the Chapter 7 Trustee in the Cappuccillis's bankruptcy.  (Appellee's Br. at 1; Bankr. Docket.)  In March, 2008, Trustee Lewis requested the Bankruptcy Court for authorization to employ Gold, Lange & Majoros, P.C., as counsel for the trustee; the Bankruptcy Court authorized the employment. (Bankr. Docket Text ##35, 37.)   Elias T. Majoros  ("Majoros"), an attorney at Gold, Lange & Majoros, P.C., entered an appearance in the case and acted as Trustee Lewis's attorney and helped progress the case throughout the bankruptcy proceedings.  At the end of November, 2008, the Bankruptcy Court discharged Debtors under 11 U.S.C. § 727. (Bankr. Docket Text #83.)  On December 17, 2009, Trustee Lewis filed a Notice of Trustee's Intent to Abandon because she "no longer anticipated that she will be able to collect the remaining amount due from the [Cappuccillis.]"  (Bankr. Docket Text #111.)  A little over a month later, Majoros submitted the Gold, Lange, & Majoros, P.C. final application for compensation.  (Bankr. Docket Text #115.)

**B. Relevant Facts**

On January  12, 2010, the Cappuccillis and Kenneth Cappuccilli as next friend to Brandon Cappuccilli, filed a complaint against A. Rita Kostopoulos, Kostopoulos & Associates PLLC, and Elias T. Majoros (collectively, "Appellees").[1]  (State Compl., Appeal R., Ex. A.)  In their complaint, Appellants alleged that A. Rita Kostopoulos and Kostopoulos & Associates PLLC committed pre-petition malpractice, intentional infliction of emotional

---

[1]A. Rita Kostopoulos and Kostopoulos & Associates PLLC represented the Cappuccillis in the bankruptcy proceedings; they are not a party to this appeal.

distress, and negligent infliction of emotional distress. (State Compl. ¶ 8, Appeal R., Ex. A.) Against Majoros, who "is, and was at all pertinent times, acting as an attorney for the United States Bankruptcy Court, Eastern District of Michigan Trustee Wendy Turner Lewis," Appellants alleged malpractice and negligent infliction of emotional distress. (State Compl. ¶ 8, Appeal R., Ex. A.) Appellants alleged that Majoros committed malpractice against them in fulfilling his role as Trustee Lewis's counsel. (State Compl., Appeal R., Ex. A.) Appellants also alleged that he committed negligent infliction of emotional distress against them in fulfilling his role as Trustee Lewis's counsel. (*Id.*)

On February 8, 2010, Trustee Lewis filed a Motion for Contempt against Appellants and the attorneys that were representing them in the state court action for violating the automatic stay and the Barton Doctrine. (Bankr. Docket Text #116.) Nine days later, the Bankruptcy Court heard the motion. A day after that, the Bankruptcy Court granted Trustee Lewis's motion. (Bankr. Docket Text #122.) The Bankruptcy Court found Appellants in contempt of court for willfully violating the automatic stay and the Barton Doctrine. (*Id.*) The Bankruptcy Court stayed the state court proceedings, ordered Majoros's dismissal, and ordered Appellants to pay Trustee Lewis's reasonable attorneys' fees and costs. (*Id.*) The Bankruptcy Court ordered Trustee Lewis to present a statement of fees and costs by February 24, 2010, which Trustee Lewis did. (*Id.*)

On March 24, 2010, the Bankruptcy Court heard Trustee Lewis's and Appellants's arguments for and objections to the statement of fees and costs. On April 12, 2010, the Bankruptcy Court issued its final order in connection with the February 18, 2010 order. (Bankr. Docket Text #137.) In the order, the Bankruptcy Court awarded Trustee Lewis

6

$5,260.00 in attorneys' fees and $130.48 in costs. (*Id.*) On April 25, 2010, Appellants filed their notice of appeal to this Court. (Bankr. Docket Text #141.)

IV. **ANALYSIS**

This appeal asks the Court to resolve three issues. First, Appellants ask the Court to find that the Bankruptcy Court erred when it found that Appellants violated the automatic stay and the Barton Doctrine. Next, Appellants ask that the Court find that the Bankruptcy Court did not have the ability to enforce the stay against their son, who was not a party to the bankruptcy proceedings. Finally, Appellants ask that even if the Court finds that they did violate the automatic stay and the Barton Doctrine that the Bankruptcy Court still erred when it awarded attorneys' fees and costs, because the fees were unreasonable and the Bankruptcy Court did not conduct an evidentiary hearing.[2]

### A. The Bankruptcy Court Did Not Err When It Found Appellants In Contempt of Court for Violating the Automatic Stay and the Barton Doctrine.

#### 1. The Automatic Stay

In bankruptcy proceedings, the automatic stay generally prevents a party from bringing any claims against the bankruptcy estate's property outside of the bankruptcy

---

[2]As an initial matter, the Court notes that Appellants waived their automatic stay and Barton Doctrine arguments at the bankruptcy hearing on February 17, 2010. But even if they had not waived these arguments, their arguments fail. (Feb. 17, 2010 Hr'g Tr. at 10-11.)
The Court: So you - - you don't dispute that you violated the Barton Doctrine and the automatic stay by filing this complaint.
. . . .
[Appellants's Counsel]: No, we do not dispute it.
The Court: Don't dispute either of those things.
[Appellants's Counsel]: No.

7

court. The stay remains in effect until the property in question is no longer part of the estate. Because pre-petition malpractice and emotional distress claims are bankruptcy estate property, Appellants violated the automatic stay when they filed their claims against A. Rita Kostopoulos and Kostopoulos & Associates PLLC in a forum outside of the Bankruptcy Court.

### a. The Automatic Stay Applies to the Bankruptcy Estate's Property

The Bankruptcy Court found that Appellants's state court complaint violated 11 U.S.C. § 362(a)(3). (Feb. 17, 2010 Hr'g Tr. at 21.) That section, in relevant part, provides: "a [bankruptcy] petition . . . operates as a stay, applicable to all entities, of - - any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Against a bankruptcy estate's property, a stay remains in effect until "such property is no longer property of the estate[.]" 11 U.S.C. § 362(c)(1). *See In re Whigham*, 195 B.R. 667, (E.D. Mich) (Duggan, J.) (quoting "[u]nder § 362(c)(1), an automatic stay prevents acts against property of the estate. The prohibition continues until such property is no longer property of the estate.") (Internal quotation marks and citation omitted).

### b. Pre-Petition Legal Malpractice and Emotional Distress Claims are Property of the Bankruptcy Estate

The Bankruptcy Court found that any malpractice that occurred before the filing of the bankruptcy case is property of the bankruptcy estate. (Feb. 17, 2010 Hr'g Tr. at 20, 21.) The Bankruptcy Court is correct. Because Appellants's claims filed in state court against A. Rita Kostopoulos and Kostopoulos & Associates PLLC are bankruptcy estate property, Appellants should have filed their claims in the Bankruptcy Court. When they

8

did not do so, they willfully violated the automatic stay. *See Parrett v. Nat'l Century Fin. Enter., Inc.*, No. 04-489, 2006 WL 783361, at *2 (S.D. Ohio 2006) (holding "upon the commencement of a bankruptcy case, a pre-petition legal malpractice claim of the debtor becomes property of the bankruptcy estate") (citations omitted). *See also In re Milden*, 111 F.3d 138 (Table), Nos. 94-56151, 94-56503, 1997 WL 189302, at *4 (9th Cir. Apr. 16, 1997), *cert. den.* 522 U.S. 949 (1997), *reh'g den.* 522 U.S. 1069 (1998) (holding "that a debtor's pre-petition emotional distress claim is property of the bankruptcy estate under 11 U.S.C. § 541[.]") (citations omitted).

### 2. The Barton Doctrine Prevents Appellants from Filing Suit Against Trustee Lewis's Counsel in State Court

#### a. The Barton Doctrine

The Barton Doctrine requires debtors to seek "leave of the [bankruptcy] forum" if they wish "to institute an action in a [state] forum against a trustee, for acts done in the trustee's official capacity and within the trustee's authority as an officer of the court." *In re Triple S Restaurants, Inc.*, 519 F.3d 575, 578 (6th Cir. 2008) (alterations in original, citation omitted). The requirement to seek the bankruptcy court's leave to file suit against a trustee extends to the trustee's counsel "so long as [the counsel] act[s] at the direction of the trustee and for the purpose of administering the estate or protecting its assets." *In re Lowenbraun*, 453 F.3d 314, 321 (6th Cir. 2006) (internal quotation marks and citation omitted). The Barton Doctrine's purpose is to allow a bankruptcy court "greater control over administration of the [bankruptcy] estate." *In re Triple S Restaurants, Inc.*, 519 F.3d at 578 (citation omitted).

### b. Appellants Violated the Barton Doctrine When They Filed Suit Against Majoros in State Court

The Bankruptcy Court found that "[t]he [s]tate [c]ourt complaint explicitly says . . . Mr. Majoros is and was at all pertinent times acting as an attorney for the United States Bankruptcy Court, Eastern District of Michigan trustee, Wendy Turner Lewis." (Feb. 17, 2010 Hr'g Tr. at 12.) The Bankruptcy Court also found, and Appellants agreed, that the complaint "complain[s] of actions taken by Mr. Majoros solely . . . that he took as counsel for the Chapter 7 trustee in the bankruptcy case." (*Id.*) Here, the Court again agrees with the Bankruptcy Court. Appellants's complaint states causes of action against Majoros solely for the actions he took as Trustee Lewis's counsel. The complaint states, as the Bankruptcy Court noted, that Defendant Majoros "is, and was at all pertinent times, acting as an attorney for the United States Bankruptcy Court, Eastern District of Michigan Trustee Wendy Turner Lewis." (State Compl. ¶ 8, Appeal R., Ex. A.) The complaint states a claim for malpractice against Majoros. (State Compl., Appeal R., Ex. A.) This claim directly relates to Majoros's actions as Trustee Lewis's counsel, in his seeking property for the bankruptcy estate. The complaint states that Majoros had a duty to analyze the fault and the discrepancies that occurred in the bankruptcy proceedings, among other malpractice allegations. (State Compl. ¶ 42, Appeal R., Ex. A.) The complaint also makes a negligent infliction of emotional distress claim against Majoros. This claim's essential point is that Majoros used court officers to seize bankruptcy estate property and that the seizing of the property from Appellants's house caused Brandon Cappuccilli emotional distress.

The Court finds that Majoros took the actions giving rise to Appellants's claims to progress the bankruptcy proceedings. Appellants therefore should have requested leave of the Bankruptcy Court to file a suit against Majoros outside of the Bankruptcy Court. When they did not seek leave, they violated the Barton Doctrine.

**B. The Bankruptcy Court Did Not Err When It Enforced the Stay Against Brandon Cappuccilli**

Appellants argue that the Bankruptcy Court did not have the authority to enforce the stay against Brandon Cappuccilli since he was not a party to the bankruptcy proceedings. Because the Bankruptcy Court's jurisdiction does extend to actions involving bankruptcy estate property, the Bankruptcy Court properly enforced the stay against Brandon Cappuccilli.

A bankruptcy court's jurisdiction "to stay actions in other courts extends beyond claims by and against the debtor to include suits to which the debtor need not be a party but which may affect the amount of property in the bankrupt estate or the allocation of property among creditors." *Fisher v. Apostolou*, 155 F.3d 876, 882 (7th Cir. 1998) (internal quotation marks and citations omitted). "To protect this jurisdiction, [t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title . . . including a stay." *Id.* (Internal quotation marks and citation omitted, alterations in original.) *See In re Mountain Laurel Resources Co.*, 210 F.3d 361 (Table), 2000 WL 341913, at*6 (4th Cir. 2000) (holding that a bankruptcy court has the authority enjoy non-debtor third-party suits where the third-party could seek indemnification from the estate or where a judgment against the third-party may raise issues of collateral estoppel with respect to suits against the estate."). *See also In re*

11

*Philadelphia Newspapers, LLC.*, 407 B.R. 606 (E.D. Pa. 2009) (applying a three-step analysis to whether a bankruptcy court properly issued a preliminary injunction and discussing that a bankruptcy court properly extends a stay over non-debtors when such "unusual circumstances" exist, such as where "the non-debtor and debtor enjoy such an identity of interests that the suit of the non-debtor is essentially a suit against the debtor," or "the third-party action will have an adverse impact on the debtor's ability to accomplish reorganization (in a Chapter 11 context)").

Here, Appellants's emotional distress claims against A. Rita Kostopoulos and Kostopoulos & Associates PLLC present such an unusual circumstance to extend the stay over Brandon Cappuccilli. Because the emotional distress claims are the bankruptcy estate's property and the cause of the claim was pre-petition actions taken by A. Rita Kostopoulos and Kostopoulos & Associates PLLC, the Bankruptcy Court was warranted in issuing the stay over Brandon Cappuccilli. In addition, if the Bankruptcy Court had allowed the state action to proceed, a judgment against A. Rita Kostopoulos and Kostopoulos & Associates PLLC would have raised estoppel issues, which the stay itself seeks to avoid. The Bankruptcy Court therefore properly stayed Brandon Cappuccilli's claim.

### C. The Bankruptcy Court Did Not Abuse Its Discretion in Awarding Trustee Lewis's Attorneys' Fees

After the Bankruptcy Court found that Appellants willfully violated the automatic stay and the Barton Doctrine, it awarded attorneys' fees and costs pursuant to 11 U.S.C. § 362(k)(1). That section provides for an attorneys' fees and costs award for any willful violation of a stay under § 362. *In re Hi Tech Fleet Service, Inc.*, No. 03-70655, 2006 WI

846745, at *6 (E.D. Mich. Mar. 30, 2006) (Duggan, J.) (citing cases that support a finding of civil contempt and an award of attorneys' fees and costs for violations of the automatic stay in § 362).  See also In re Byrd, 352 F. App'x 775 (4th Cir. 2009) (affirming a bankruptcy court's sanctions and attorneys' fees for the party's automatic stay and Barton Doctrine violations).

Since the Court has also found that Appellants willfully violated the automatic stay and the Barton Doctrine, it will review the Bankruptcy Court's attorneys' fees award for an abuse of discretion.  Boyd v. Engman, 404 B.R. 467, 477 (W.D. Mich. 2009) citing In re Red Ball, Inc., Nos. 04-5528, 04-5575, 157 F. A'ppx. 850, 851; 2005 WL 3275589, at *1 (6th Cir. Dec. 5, 2005).  The Court "must uphold the bankruptcy court's award unless the bankruptcy court fails to apply the proper legal standard or follow the proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous."  Id.  (Internal quotation marks and citation omitted.)

In the Sixth Circuit, to determine whether an attorneys' fees award is reasonable, a court uses the "lodestar method" by which the court calculates the "lodestar amount" by multiplying the attorneys' reasonable hourly rate by the number of hours reasonably expended.  Boyd, 404 B.R. at 477 citing In re Boddy, 950 F.2d 334, 337 (6th Cir. 1991) (holding that the district court reviewing a bankruptcy court's award of attorneys' fees must use the lodestar method in that calculation).  "If [a] court disallows hours, it must explain which hours are disallowed and show why an award of these hours would be improper."  In re Blain, Nos. 94-74718, 94-74913, 1995 WL 871180, at *3 (E.D. Mich. July 31, 1995) (Zatkoff, J.) (citations omitted).

Here, the Court finds that the Bankruptcy Court properly awarded attorneys' fees and found that the attorneys' fees were reasonable. Although the Bankruptcy Court did not explicitly mention the "lodestar" method, it did find both the hourly rates and hours expended reasonable. *See Giovannoni v. Bidna & Keys*, No. 06-15640, 255 F. A'ppx. 124, 2007 WL 3283611, at *1 (9th Cir. Nov. 7, 2007) (finding that the district court "used the proper legal standard in calculating the fee award by implicitly using the "lodestar" method; also finding that the district court adopted the attorney's hourly fee as reasonable and that the district court's orders, read together "provide[d] a sufficiently detailed basis for determining [the fee award.]"). The Bankruptcy Court explicitly found Majoros's hourly rate reasonable. It stated: "Now two hours times Mr. Majoros' hourly rate of $295.00 is $590.00. And that is - - that fee is reasonable and will be added to the fees." (March 24, 2010 Hr'g Tr.; Appeal R., Exhibit J at 32.) The Bankruptcy Court also thoroughly examined the statement of attorneys' fees and costs. The Bankruptcy Court noted time entries that it viewed to be "outside the ... scope of what [the court] ordered [on] February 18" and adjusted the award as it found proper. (March 24, 2010 Hr'g Tr.; Appeal R., Exhibit J at 8.) The Bankruptcy Court stated its concerns with certain time entries, holding that it only was prepared to award "reasonable attorney fees and costs . . . . incurred by the bankruptcy estate in preparing and prosecuting the [motion for violation of the Barton Doctrine and automatic stay]." (*Id.* at 14.) The Bankruptcy Court reduced the final award by an amount that reflected work performed outside of the contempt order. (*Id.* at 28.) The Bankruptcy Court did not "question the quality of the work or the reasonableness of the time for the work" but noted that it reduced the ultimate award because "the work itself was not necessary at that point in time and . . . it was not part of

preparing and prosecuting the contempt motion that was filed and prosecuted in the [bankruptcy court.]" (*Id.*) Over Appellants's objections, the Bankruptcy Court found that Majoros's delegation of certain tasks to the associates at his firm reflected an efficient use of time and money. It stated: "[T]he delegation from my review of the item – itemized bill, the delegation that occurred was – did make the overall effort more efficient and less costly here in terms of the attorney fees incurred by Mr. Majoros obtaining work efficiently from his associates who had significantly lower hourly rates than he did." (*Id.* at 30.) The Court therefore finds that the Bankruptcy Court sufficiently complied with the "lodestar" method and did not abuse its discretion in awarding Trustee Lewis's attorneys' fees and costs.

Appellants, in addition, state that the Bankruptcy Court erred when it did not conduct an evidentiary hearing on the attorneys' fees award. "Unless otherwise required by statute or rule, the question of whether to hold an evidentiary hearing to resolve a request for attorney fees is within the discretion of a district court." *Loesel v. City of Frankenmuth*, - - F.Supp.2d - -, 2010 WL 3842369, at *26 (E.D. Mich. 2010) (citation omitted). Here, the Bankruptcy Court conducted the March 24, 2010 hearing at which Appellants and Trustee Lewis presented their arguments for and objections to Trustee Lewis's statement of costs. The Bankruptcy Court judge gave Appellants the opportunity to voice their concerns and reduced the overall attorneys' fees award by an amount he deemed reasonable. The Court finds that the Bankruptcy Court reasonably heard Appellants's objections and did not abuse its discretion in not holding a distinct evidentiary hearing on attorneys' fees in its award of attorneys' fees.

## V. Conclusion

For the foregoing reasons, the Court AFFIRMS the Bankruptcy Court's Order and DISMISSES Appellants's appeal.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: November 10, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 10, 2010, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager